# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Plaintiffs, all Settlement Class Members, and the University of Miami ("Miami").

**1    Article 1 – Recitals**

**1.1**    On April 29, 2020, Augustina Santiago, Lilly Leyva, Guillermo Creamer, and Maria Aceituno, individually and as representatives of a class of participants and beneficiaries of the University of Miami Retirement Savings Plan (the "Plan"), filed a Complaint in the United States District Court for the Southern District of Florida, Case No. 1:20-cv-21784-DPG. Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), alleging that Defendant, the University of Miami ("Miami"), breached its fiduciary duties relating to the management, operation and administration of the Plan, and sought to recover all alleged losses resulting from each breach of duty under 29 U.S.C. § 1109(a) and for other equitable and remedial relief.

**1.2**    On July 8, 2021, Miami filed it Motion to Dismiss [ECF. No. 16], seeking dismissal of the Complaint.  Plaintiffs filed their Opposition on August 7, 2020 [ECF No. 23], along with supporting documentation.  Miami filed a Reply [ECF No. 32] in support of its Motion to Dismiss on September 4, 2020.  Both sides filed Notices of Supplemental Authority [ECF Nos. 37, 38, 42].  On November 17, 2020, a hearing was held on Defendant's Motion to Dismiss before United Magistrate Judge Lauren Fleischer Louis.  That hearing lasted approximately 2 hour and 10 minutes.  During the hearing, counsel for both sides presented extensive legal analysis on the claims and defenses in this case.

**1.3**    On March 1, 2021, Magistrate Judge Louis issued a Report, recommending that Miami's motion to dismiss be granted with respect to Counts II and III of the Complaint, as well as Plaintiffs' "duty of loyalty" claim in Count I, but that the motion be denied with respect to Plaintiffs' "duty of prudence" claim in Count I. [ECF No. 43.] The district court affirmed and adopted the Magistrate Judge's Report on March 26, 2021, ordering that the case shall proceed as to Plaintiffs' breach of the duty of prudence claim in Count I. [ECF No. 46.]

**1.4**    On April 21, 2021, Plaintiffs propounded extensive requests for written discovery on Miami, including interrogatories, requests for production, and also a Fed.R.Civ.P. 30(b)(6) deposition notice with a wide range of topics.

**1.5**    On April 23, 2021, Miami filed its Answer and Defenses.  [ECF No. 52.] Miami raised eighteen (18) separate Defenses.

**1.6**    Thereafter, the parties continued merits discovery, and Miami took the deposition of each of the four named Plaintiffs.

**1.7**   In May 2021, after discussions among counsel related to a potential resolution, the parties agreed to participate in a private mediation in an effort to resolve this dispute.  On June 22, 2021, the parties engaged in a full-day mediation supervised by a nationally-recognized mediator, David Geronemus, Esq., who has extensive experience handling ERISA fiduciary-breach lawsuits similar to this one.  During the mediation, the parties reached agreement on certain terms of the Settlement, and agreed to continue discussions as to other terms.  After further negotiations over the ensuing months, the parties reached a Settlement, the terms of which are memorialized in this Settlement Agreement.

**1.8**   Contemporaneous with the filing of this Settlement Agreement, Plaintiffs filed their Amended Complaint.

**1.9**   The Plaintiffs and Class Counsel consider it desirable and in the Settlement Class Members' best interests that the claims against Miami and the Released Parties be settled on behalf of the Plaintiffs, the Plans, and the Settlement Class Members upon the terms set forth in this Settlement Agreement, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in significant benefits to the Settlement Class Members and the Plans, as defined below.

**1.10**   Miami and all Released Parties admit no wrongdoing or liability with respect to any of the allegations or claims in this action and expressly deny any and all alleged breaches of fiduciary duties. Miami maintains that it and the Released Parties are without fault or liability and are settling the Class Action solely to avoid substantial litigation costs.  Miami contends that the Plans have been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plans and participants of the Plans, and in compliance with ERISA and applicable regulations, including the fiduciary-duty provisions of ERISA. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission, or concession of fault or liability of any kind by Miami and/or any of the Released Parties.

**1.11**   The Settling Parties, as defined below, have concluded it is desirable that this matter be finally settled upon the terms and conditions set forth in this Settlement Agreement.

**1.12**   Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

**2**   **Article 2 – Definitions**

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

**2.1** "Active Account" means an investment account in any of the Plans with a balance greater than $0 as of August 31, 2021.

**2.2** "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Settlement Class Members, including but not limited to the fees of the Plans' recordkeepers to identify the names and addresses of Settlement Class Members; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plans' recordkeepers associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent; and (e) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are Miami's internal expenses and the Settling Parties' respective legal expenses. All Administrative Expenses shall be paid solely from the Gross Settlement Amount.

**2.3** "Alternate Payee" means a person other than a participant or Beneficiary in the Plans who is entitled to a benefit under the Plans as a result of a Qualified Domestic Relations Order.

**2.4** "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel. The amount of attorneys' fees for Class Counsel shall be recovered from the Gross Settlement Amount.

**2.5** "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form with a postmarked date by the Claims Deadline, or electronically submitted the same Form online no later than the Claims Deadline, set by the Court in the Preliminary Order, and whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.6** "Beneficiary" means a person who currently is entitled to receive a benefit under the Plans upon the death of a Plan participant, other than an Alternate Payee.  A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

**2.7** "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–15.

**2.8** "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.9**   "Class Action" means the putative class action lawsuit filed by Plaintiffs against Miami, including the claims asserted in Plaintiffs' Complaint and First Amended Complaint, styled *Santiago, et al. v. University of Miami* in the United States District Court for the Southern District of Florida and all other claims Plaintiffs could have brought against Miami or any of the Released Parties in this matter.

**2.10**   "Class Counsel" means McKay Law, LLC, 5635 North Scottsdale Road, Suite 170, Scottsdale, Arizona 85250; Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602; and Justice for Justice LLC, 1205 North Franklin Street, Suite 326, Tampa, FL 33602.

**2.11**   "Court" means the United States District Court for the Southern District of Florida.

**2.12**   "Current Participant" means a member of the Settlement Class who has an Active Account, as defined above.

**2.13**   "Defendant" or "Miami" means the University of Miami.

**2.14**   "Defense Counsel" means Morgan, Lewis & Bockius LLP.

**2.15**   "Escrow Agent" means American Legal Claim Services, LLC or another entity agreed to by the Settling Parties.

**2.16**   "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Settlement Class Members to the Settlement Agreement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Plaintiffs' Compensation; and (c) whether to finally approve the Settlement under Rule 23 of the Federal Rules of Civil Procedure.

**2.17**   "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

**2.18**   "Final Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 4 hereto.

**2.19** "Former Participant" is a member of the Settlement Class who does not have an Active Account.

**2.20** "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.21** "Gross Settlement Amount" means the sum of one million, eight hundred and fifty thousand dollars ($1,850,000), to be contributed to the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plans, Plaintiffs, and Class Counsel made on behalf of Miami in connection with the Settlement effectuated through this Settlement Agreement. Miami and its insurer will make no additional payment in connection with the Settlement of the Class Action.

**2.22** "Independent Fiduciary" means an independent fiduciary who will serve as a fiduciary of the Plans for purposes of approving and authorizing the settlement of Released Claims on behalf of the Plans in accordance with Article 3.

**2.23** "Mediator" means David Geronemus, Esq., JAMS, 620 Eighth Avenue, 34th Floor, New York, New York 10018.  If Mr. Geronemus is not available, then "Mediator" shall mean another mediator agreed to by the Settling Parties.

**2.24** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs approved by the Court and paid to Class Counsel; (b) all Plaintiffs' Compensation as authorized by the Court; (c) and all Administrative Expenses.

**2.25** "Plaintiffs" means Augustina Santiago, Lilly Leyva, Guillermo Creamer, and Maria Aceituno.

**2.26** "Plaintiffs' Compensation" means an amount to be determined by the Court for each Plaintiff, which shall be paid from the Gross Settlement Amount directly to each Plaintiff.

**2.27** "Plans" means the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and the University of Miami Supplemental Retirement Annuity Program.

**2.28** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 herein, as it may be presented, modified, or revised by the Court.

**2.29** "Preliminary Approval Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Approval Order to be filed by Plaintiffs through Class Counsel, as

described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

2.30   "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

2.31   "Released Parties" means (a) Defendant and any of Defendant's affiliates, employees, benefit plan fiduciaries, administrators, service providers, investment advisors, insurers, and their respective affiliates or employees; (b) its insurers, co-insurers, and reinsurers; (c) its past, present, and future parent corporation(s) or entity(ies); (d) its past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) for each of (a)-(d), their past, present, and future agents, officers, employees, boards of trustees, members of their board of trustees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

2.32   "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, for actions during the Settlement Class Period:

  2.32.1  That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Plaintiffs' original Complaint and/or First Amended Complaint; or

  2.32.2  That arise out of, relate in any way to, are based on, or have any connection with the Plans' management or administration, including but not limited to: (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plans' investment options or service providers or advisors; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plans or any Settlement Class Member; (c) disclosures or failures to disclose information regarding the Plans' investment options or service providers; (d) the investment options offered to the Plans' participants; (e) the compensation received by the Plans'

6

service providers; (f) the selection of service providers or advisors to the Plans; (g) the services provided to the Plans or the costs of those services; (h) the payment of compensation based on a percentage of total assets; (i) the Plans' investment structure(s); or (j) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions; or

**2.32.3** That would be barred by *res judicata* based on entry of the Final Order; or

**2.32.4** That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plans or any member of the Settlement Class in accordance with the Plan of Allocation; or

**2.32.5** That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.33**  "Settlement" or "Settlement Agreement" refers to the compromise and agreement embodied in this agreement and its exhibits.

**2.34** "Settlement Administrator" shall mean American Legal Claim Services, LLC.

**2.35** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.36** "Settlement Class" means a settlement class certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure, consisting of all persons who participated in one or more of the Plans at any time during the Settlement Class Period, including any Beneficiary of a deceased person who participated in one or more of the Plans at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in one or more of the Plans at any time during the Settlement Class Period.  The Settlement Class shall not include individuals who served as members of the fiduciary committee(s) for the Plans during the Settlement Class Period.

**2.37** "Settlement Class Members" means all individuals in the Settlement Class, including the Plaintiffs.  Settlement Class Members shall not be permitted to exclude themselves from the Settlement Class.

**2.38** "Settlement Class Period" means the period from May 1, 2014, through August 31, 2021.

**2.39** "Settlement Effective Date" means the date on which the Final Order becomes Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

**2.40** "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be sent to Settlement Class Members identified by the Settlement Administrator after the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit 3. The Settlement Notice also shall inform Settlement Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Settlement Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of Administrative Expenses; and (d) Plaintiffs' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution in accordance with the Plan of Allocation.

**2.41** "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of three years thereafter.

**2.42** "Settlement Website" means the internet website established in accordance with Paragraph 12.3.

**2.43** "Settling Parties" means Miami and the Plaintiffs, on behalf of themselves, the Plans, and each of the Settlement Class Members.

**2.44** "Zero Account Balance Current Participant" means either (1) a Current Participant who has no account balance in any of the Plans of greater than $0 as of the date the Settlement Administrator provides the Current Participant information to the Plans' recordkeepers in accordance with Paragraph 6.4 or (2) Current Participant whose account(s) in the Plans as of August 31, 2021 was invested exclusively in annuity or other investment products maintained by VALIC, Lincoln, and/or MetLife.

**3   Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary, agreed to by Class Counsel and Miami, and retained by Miami on behalf of the Plans, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plans.

**3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

**3.1.2** The Independent Fiduciary shall memorialize its determination in writing, and such notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

**3.1.3**   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be paid and deducted solely from the Gross Settlement Amount.

**3.1.4**   Miami, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.1.5**   If Miami concludes that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Miami shall so inform the Independent Fiduciary within fifteen (15) calendar days of receipt of the determination, copying Class Counsel.

**3.2**   Plaintiffs, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit 2. The Preliminary Approval Order to be presented to the Court shall, among other things:

**3.2.1**   Grant the motion to certify a non-opt-out Settlement Class as defined in Paragraph 2.36 for settlement purposes only under Fed. R. Civ. P. 23(b)(1);

**3.2.2**   Approve the text of the Settlement Notice and Former Participant Claim Form to notify Settlement Class Members (a) of the Fairness Hearing; and (b) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Settlement Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Settlement Class through the Settlement Website without requiring additional mailed or electronic notice;

**3.2.3**   Determine that under Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the Settlement Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

**3.2.4**   Cause the Settlement Administrator to send by electronic means, or by first-class mail, the Settlement Notice to each Settlement Class Member identified by the Settlement Administrator, and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator, based upon the data provided by the Plans;

**3.2.5**  Provide that, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Miami, the Released Parties, or the Plans;

**3.2.6**  Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Court enters the Preliminary Approval Order, for purposes of determining whether: (a) the Court should finally approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Plaintiffs' Compensation, and Administrative Expenses;

**3.2.7**  Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

**3.2.8**  Provide that a Settling Party may, but is not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector;

**3.2.9**  Provide that any party may file a response to an objection by a Settlement Class Member;

**3.2.10**  Set a deadline of no later than the date of ten (10) calendar days prior to the Fairness Hearing by which each Former Participant must submit, electronically or by mail, a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

**3.2.11**  Provide that the Fairness Hearing may, without further direct notice to the Settlement Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court;

**3.2.12**  Approve the form of the CAFA Notices attached as Exhibit 5 and order that upon mailing of the CAFA notices, Miami shall have fulfilled its obligations under CAFA.

**3.3**    Miami and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plans' recordkeepers, that are necessary to perform such work shall be Administrative Expenses to be deducted and paid solely from the Gross Settlement Amount.

**3.3.1**    The Settlement Administrator shall maintain the confidentiality of any data or information provided by Miami and the Plans' recordkeepers, and the Settlement Administrator shall be bound by any non-disclosure or security protocol required by the Settling Parties.

**3.3.2**    The Settlement Administrator shall use the data provided by Miami and the Plans' recordkeepers solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.3.3**    At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**3.4**    By the date and in the manner set by the Court in the Preliminary Approval Order or at least 60 days prior to the date of the Final Fairness Hearing, and unless otherwise set forth below, the Settlement Administrator shall:

**3.4.1**    Cause to be sent to each Settlement Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit 3 or a form subsequently agreed to by the Settling Parties and approved by the Court. The Settlement Notice shall be sent to the last known e-mail address or, absent a known e-mail address (or where a known e-mail address is determined to be invalid), then mailed by first-class mail to the last-known address, of each Settlement Class Member provided by the Plans' recordkeepers (or its designee(s)) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeepers (or its designee(s)). Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Settlement Class Member whose Settlement Notice is returned and re-send such documents one additional time.

**3.4.2**    Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and approved the Court, to be included with the Settlement

Notice that is sent by electronic means or mailed to the Former Participants.

**3.5**   No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, the Settlement Administrator shall serve the CAFA notices in substantially the form attached as Exhibit 5 hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715.

# 4   Article 4 – Final Settlement Approval

**4.1**   No later than ten (10) business days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Order (Exhibit 4) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1**   Approval of the Settlement and the waiver and release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plans and the Settlement Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2**   A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Settlement Class Members was provided;

**4.1.3**   Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Plaintiffs on their own behalf or on behalf of the Settlement Class Members, or on behalf of the Plans, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.4**   That the Plans and each Settlement Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims. The provisions (a) and (b) shall apply even if any Settlement Class Member may thereafter discover facts in addition to or different from

those that the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Settlement Class Members receive a monetary benefit from the Settlement, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed;

**4.1.5**   That each Settlement Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.6**   That all applicable CAFA requirements have been satisfied;

**4.1.7**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation approved by the Court;

**4.1.8**   That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance;

**4.1.9**   That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the administrator or other fiduciaries of the Plans, in accordance with applicable law and the governing terms of the Plans; and

**4.1.10**  That within seven (7) calendar days following the issuance of all settlement payments to Settlement Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2**   The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by the Final Order.  The Court shall retain jurisdiction solely to enforce the Settlement Agreement, but such retention of jurisdiction shall not affect the finality of the Final Order and judgment.

## 5   Article 5 – Establishment of Qualified Settlement Fund

**5.1**   No later than five (5) business days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2**   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Settlement Administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid solely from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3**   Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Miami or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or

failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent solely out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4     Within thirty-five (35) calendar days after the later of the date (a) the Preliminary Approval Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to Miami in writing the escrow account name and IRS W-9 Form, Miami's insurer(s) shall issue by check for deposit one hundred thousand dollars ($100,000) of the Gross Settlement Amount into the Qualified Settlement Fund to cover the initial Administrative Expenses and the costs of sending Notice to the Settlement Class.

5.5     Within fourteen (14) calendar days after the Settlement Effective Date, Miami and/or its insurer(s) shall issue by check for deposit the remaining balance of one million, seven hundred fifty thousand dollars ($1,750,000) into the Qualified Settlement Fund.

5.6     The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

5.7     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.8     As soon as practicable, but in any event no later than one-hundred fifty (150) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and Costs shall be paid to Class Counsel within seven (7) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within seven (7) business days after

the Settlement Effective Date; (c) third, any Plaintiffs' Compensation ordered by the Court shall be paid within fourteen (14) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (i) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (ii) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, (iii) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation herein. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.9   The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.10   No later than February 15 of the year following the calendar year in which Miami, its insurers, or agents make a transfer to the Qualified Settlement Fund in accordance with the terms of this Article 5, Miami, its insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Miami, its insurers, or agents make a transfer to the Qualified Settlement Fund.

## 6   Article 6 – Plan of Allocation

6.1   After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to Current Participants, Authorized Former Participants, and their Beneficiaries or Alternate Payees, in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.2   To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant, an Authorized Former Participant, or a Beneficiary or Alternate Payee of such a person.

6.2.1   Current Participants shall receive their Settlement payments as contributions to one or more of their accounts in the Plans, as provided in Paragraph 6.4, unless the Current Participant is a Zero Account Balance

Current Participant entitled to a payment by check in accordance with Paragraph 6.5.

6.2.2   Authorized Former Participants shall receive their Settlement payments in the form of a check, as provided in Paragraph 6.6 below.

6.2.3   Beneficiaries shall receive payments by check in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees shall receive payments by check if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 in accordance with the terms of the applicable Qualified Domestic Relations Order on file with the Plans' recordkeepers. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court, and the Settling Parties shall have no liability for such determinations.

6.3   **Calculation of Settlement Payments.** Payments to Settlement Class Members shall be calculated by the Settlement Administrator in accordance with the Plan of Allocation as follows:

6.3.1   The Settlement Administrator shall obtain from Miami or the Plans' recordkeepers the quarter-ending account balances invested in the Plans for each Settlement Class Member during the Settlement Class Period. Miami agrees to provide the necessary approvals authorizing transmission of such information to the Settlement Administrator.

6.3.2   Payments to Settlement Class Members shall be calculated by the Settlement Administrator as follows:

1.  The end-of-quarter balances for all Plans during the Settlement Class Period of each Settlement Class Member are identified for each quarter;
2.  All end-of-quarter balances identified in step 1 are summed together for each Settlement Class Member;
3.  An average end-of-quarter balance for each Settlement Class Member is calculated for the Settlement Class Period;
4.  For each Settlement Class Member, the average end-of-quarter balance determined by step 3 is divided by the sum of all of the average end-of-quarter balances of all Settlement Class Members for the Settlement Class Period;
5.  Each Settlement Class Member will receive the fraction of the total Net Settlement Amount which is calculated in step 4 (provided he or she is a Current Participant, Authorized Former Participant, or eligible Beneficiary or Alternate Payee);

6.   For purposes of these calculations, a zero should be included as the balance for any quarter during which an individual had no account balance, or did not participate in the Plans, at the quarter-end.

**6.3.3**   No amount shall be distributed to an Authorized Former Participant, or Beneficiary or Alternate Payee, that is ten dollars ($10.00) or less, because such an amount is *de minimis* and would cost more in processing than its value. All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 6.12.

**6.3.4**   The Settlement Administrator shall determine the total settlement payment available to each Settlement Class Member by calculating each such individual's share of the Net Settlement Amount as set forth above.

**6.3.5**   The Settlement Administrator shall complete all payment calculations for all Settlement Class Members within thirty (30) business days after the Settlement Effective Date.

**6.3.6**   The Settlement Administrator shall utilize the calculations required to be performed herein for: (a) making the required payments to Settlement Class Members under Paragraphs 6.5 and 6.6 of the Settlement Agreement; and (b) instructing the Plans as to the amounts to be distributed to Current Participants under Paragraph 6.4 of the Settlement Agreement and calculating the total amount to deposit into each Current Participant's Active Account(s) to fulfill this instruction.

**6.3.7**   The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plans are instructed to make to Current Participants may not exceed the Net Settlement Amount. Nothing in this Paragraph is intended to modify the requirements of Paragraph 6.7 below. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.3.8**   The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

**6.4**   **Payments to Current Participants.** Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

**6.4.1**   Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the

Settlement Administrator will provide notice to Miami and send to the Plans' recordkeepers an Excel spreadsheet in a form requested by the Plans' recordkeepers containing the name and the amount of the settlement payment to be made for each Current Participant, along with other identifying information as requested by the recordkeepers.

**6.4.2** Within ten (10) business days after the Settlement Administrator provides the Current Participant information detailed in Paragraph 6.4.1 to the Plans' recordkeepers, such recordkeepers will provide the Settlement Administrator a list of which Current Participants (if any) is a Zero Account Balance Current Participant.

**6.4.3** Thereafter, within twenty (20) business days after written notice to Miami (or its designee) as provided in Paragraph 6.4.1, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plans' recordkeepers of the aggregate amount of all settlement payments payable to Current Participants, as reflected in the spreadsheets provided by the Settlement Administrator, less the amount of all settlement payments payable to Zero Account Balance Current Participants.

**6.4.4** Miami (or its designee) shall direct the Plans' recordkeepers to credit the individual Active Account(s) of each Current Participant who is not a Zero Account Balance Current Participant in an amount equal to that stated on the spreadsheets provided by the Settlement Administrator in relation to such Current Participant.

**6.4.5** The Settlement payment for each Current Participant who is not a Zero Account Balance Current Participant will be invested initially in the Plan's "Qualified Default Investment Alternative" as defined in 29 C.F.R. § 2550.404c-5.  Thereafter, the Current Participant may redirect the investment among any other investment options available in the relevant Plan or Plans.

**6.5** **Payments to Zero Account Balance Current Participants**. For each Zero Account Balance Current Participant, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Zero Account Balance Current Participant then on file. Zero Account Balance Current Participants need not complete a Former Participant Claim Form. The checks shall be issued within the same timing as Paragraph 5.8.

**6.5.1** For each check issued, the Settlement Administrator shall: (a) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Current Participant.

**6.6    Payments to Authorized Former Participants.**  For each Authorized Former Participant, the Settlement Administrator will issue a single check from the Qualified Settlement Fund and mail it to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The check shall be issued as follows:

    6.6.1    For each check issued, the Settlement Administrator shall: (a) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Authorized Former Participants.

**6.7**    This Plan of Allocation is based upon preliminary data regarding the Settlement Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed or electronic notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the Court approves the modification.

    6.7.1    The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**6.8**    Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Settlement Class Member to whom the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Settlement Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice or Former Participant Claim Form for each such Settlement Class Member; and (e) the name of each Settlement Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of

distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable. These affidavits and the accompanying information shall be considered and treated as confidential by all parties and, if applicable, pursuant to any non-disclosure or security protocol required by the Settling Parties as referenced in Paragraph 3.3.1.

6.9     The Settling Parties acknowledge that any payments to Settlement Class Members or their attorneys may be subject to applicable tax laws. Miami, Defense Counsel, Class Counsel, and Plaintiffs will provide no tax advice to the Settlement Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

6.10    Each Settlement Class Member, Beneficiary, or Alternate Payee who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Settlement Class Member, Beneficiary, or Alternate Payee shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

6.11    All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.12    No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs, taxes and interest-earned on the Qualified Settlement Fund, shall be paid to one or more of the Plans for the purpose of defraying administrative fees and expenses of one or more of the Plans.

7    **Article 7 – Attorneys' Fees and Costs**

7.1     Class Counsel intends to submit an application to the Court for an award of their attorneys' fees of up to one-third (33.33%) of the Gross Settlement Amount,

and litigation costs and expenses advanced and carried by Class Counsel. Miami will take no position on Class Counsel's request for Attorneys' Fees and Costs, which shall be recovered from the Gross Settlement Amount. The Court's failure to approve any application for Attorneys' Fees and Costs sought by Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

**7.2**   Class Counsel also intends to seek Plaintiffs' Compensation, in an amount not to exceed $7,000 each for Plaintiff Augustina Santiago, Lilly Leyva, Guillermo Creamer, and Maria Aceituno, which shall be recovered from the Gross Settlement Amount. The Court's failure to approve any application for Plaintiffs' Compensation shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

**7.3**   Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.

## 8     Article 8 – Release and Covenant Not to Sue

**8.1**   As of the Settlement Effective Date, the Plaintiffs, the Plans and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalves and on behalf of the Plans, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Settlement Class Members have received a monetary benefit from the Settlement, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

**8.2**   As of the Settlement Effective Date, the Plaintiffs, the Plans, and the Settlement Class Members expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

**8.3**   Class Counsel, Plaintiffs, Settlement Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to

be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Plaintiff, Settlement Class Member, and the Plans shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. Plaintiffs, Settlement Class Members, and the Plans acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

8.4    Without admitting that California law applies to this Settlement Agreement, each Plaintiff, each Settlement Class Member, and the Plans hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Settlement Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Plaintiffs, Settlement Class Members, and the Plans shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 9    Article 9 – Representations and Warranties

9.1    The Settling Parties represent:

9.1.1    That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

9.1.2    That they assume the risk of mistake as to facts or law;

**9.1.3**   That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4**   That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties;

**9.1.5**   That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary; and

**9.1.6**   That at all relevant times the parties and their respective counsel have complied with Rule 11 of the Federal Rules of Civil Procedure.

**9.2**   Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

## 10   Article 10 – Additional Terms

**10.1**   There will be a Settlement Period of three years from the Settlement Effective Date during which Miami will comply with the terms set forth in this Article 10.

**10.2**   Before the conclusion of the Settlement Period, the Plans' fiduciaries will initiate a request for proposals ("RFP") for recordkeeping and administrative services for the Plans. The RFP shall be made to at least three qualified service providers. After the RFP, the Plans' fiduciaries may decide to retain their then existing service providers for recordkeeping and administrative services or select different service providers for such services.

**10.3**   Miami and the Plans' fiduciaries acknowledge that, prior to the lawsuit, the Plans' fiduciaries had no intention of increasing the Plans' contractual per-participant and asset-based fees paid to Fidelity and TIAA, respectively, for recordkeeping services, which resulted in part from an RFP completed in 2017. Miami and the Plans' fiduciaries further agree that, throughout the entirety of the Settlement Period, the Plans' fiduciaries will not agree to any increase in the Plans' contractual per-participant and asset-based fees currently paid to Fidelity and TIAA, respectively, for recordkeeping services.

## 11   Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination

**11.1**   Plaintiffs or Miami shall have the right to terminate the Settlement Agreement, which thereby would become null and void with no further force or effect, if:

11.1.1    Under Paragraph 3.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Miami reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate (i) an approval by the Independent Fiduciary or (ii) the Independent Fiduciary's determinations required by PTE 2003-39;

11.1.2    The Preliminary Approval Order or the Final Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

11.1.3    The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

11.1.4    This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

11.1.5    The Preliminary Approval Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

11.2    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Plaintiffs shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Miami, its agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

11.3    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Plaintiffs' Compensation and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Plaintiffs' Compensation.

11.4    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Miami (or its insurer(s)), on the other hand.

## 12   Article 12 – Confidentiality of the Settlement Negotiations and Permitted Settlement-Related Communications

**12.1**   The Plaintiffs and Class Counsel agree that they will not at any time publicly disparage or encourage or induce others to publicly disparage any of the Released Parties.

**12.2**   Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Settlement Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they: (a) secure written agreements with such persons or entities that such information shall not be further disclosed; and (b) comply with this Article 12 in all other respects.

**12.3**   The Settlement Administrator, at the direction of Class Counsel, will establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Approval Order: the operative Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Plaintiffs' Motion for Attorneys' Fees and Costs and Award of Compensation to Plaintiffs, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). The Settlement Administrator will take down the Settlement Website ninety (90) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.8.

**12.4**   Other than the Settlement Website Information and a description of the Settlement Agreement's terms and status on Class Counsel's individual website, the Plaintiffs and Class Counsel agree that they will not issue any other public statement regarding the settlement, including press releases and/or initiating any communication with media or publication entities about the settlement.

**12.5**   The Plaintiffs and Class Counsel agree that they will keep the Settlement confidential and will not disclose the fact of the Settlement to anyone until after the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary for the administration of the Settlement including to the Settlement Administrator.

## 13   Article 13 – General Provisions

**13.1**   The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

**13.2** This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Miami and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose. Miami denies all allegations of wrongdoing. Miami contends that the Plans have been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plans' participants, and in accordance with ERISA, including that statute's fiduciary duty provisions.

**13.3** Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Miami nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

**13.4** Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Settlement Class Members. Any individual concerned about Miami's compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

**13.5**  This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Florida law.

**13.6**  The Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall be exclusively resolved as follows:

**13.6.1**  If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

**13.6.2**  Within twenty-one (21) calendar days after receiving the notice described in Paragraph 13.6.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

**13.6.3**  For a period of not more than twenty-one (21) calendar days following mailing of the response described in Paragraph 13.6.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**13.6.4**  If the dispute is not resolved during the period described in Paragraph 13.6.3, the parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

**13.6.5**  The Settling Parties intend to resolve any disputes quickly, expeditiously, and inexpensively. Accordingly, there shall be no discovery allowed in connection with mediation under Paragraphs 13.6.4, and no witnesses shall be presented or examined during the mediation. The Mediator will make a final decision resolving the dispute based solely on the papers, documents, testimony, and arguments of counsel presented to him.

**13.6.6**  In any mediation under Paragraphs 13.6.4, each Settling Party shall bear its own fees and costs.

**13.7**  The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Miami and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement that are not resolved under Paragraph 13.6. Any motion or action to enforce this Settlement

Agreement—including by way of injunction—may be filed in the U.S. District Court for the Southern District of Florida, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

**13.8**   The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**13.9**   Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**13.10**  Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.11**  Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Court.

**13.12**  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.13**  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or

waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

13.14 Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

13.15 All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

13.16 All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Approval Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing; Exhibit 4 – Final Order; and Exhibit 5 – Form of CAFA Notice.

13.17 No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

13.18 Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

IF TO THE PLAINTIFFS:

Brandon J. Hill
Florida Bar No. 37062
Luis A. Cabassa
Florida Bar No. 0053643
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Tel:  813.337.7992
bhill@wfclaw.com
lcabassa@wfclaw.com

Michael C. McKay
MCKAY LAW, LLC
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85250
Tel:  480.681.7000
mckay@mckay.law

Chad A. Justice
Florida Bar No. 121559
JUSTICE FOR JUSTICE LLC
1205 North Franklin Street, Suite 326
Tampa, Florida 33602
Tel: 813.566.0550
chad@getjusticeforjustice.com

IF TO DEFENDANT:

Christopher Boran
Matthew A. Russell
MORGAN, LEWIS & BOCKIUS LLP
110 N Wacker Drive
Chicago, Illinois 60606
Tel:  312.324.1000
Fax: 312.324.1001
christopher.boran@morganlewis.com
matthew.russell@morganlewis.com

ON BEHALF OF PLAINTIFFS, individually and as representatives of the Settlement Class:

Dated:   11/23/2021

  /s/ Brandon J. Hill

Brandon J. Hill (Florida Bar No. 37062)
Luis A. Cabassa (Florida Bar No. 0053643)
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Tel:  813.337.7992
bhill@wfclaw.com
lcabassa@wfclaw.com

Michael C. McKay (*pro hac vice*)
MCKAY LAW, LLC
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85250
Tel:  480.681.7000
mckay@mckay.law

Chad A. Justice (Florida Bar No. 121559)
JUSTICE FOR JUSTICE LLC
1205 North Franklin Street, Suite 326
Tampa, Florida 33602
Tel: 813.566.0550
chad@getjusticeforjustice.com
*Attorneys for Plaintiffs and Class Representatives*


ON BEHALF OF DEFENDANT:

Dated:  11/23/2021

  /s/ Christopher Boran

Christopher Boran (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 N Wacker Drive, 29th Floor
Chicago, Illinois 60606
Tel:  312.324.1000
Fax: 312.324.1001
christopher.boran@morganlewis.com
matthew.russell@morganlewis.com

EXHIBIT 1

**UNIVERSITY OF MIAMI ERISA SETTLEMENT**
PO BOX XXXX
CITY, FL 00000

«barcode39»
«noticeid»

«fname» «lname»
«addrline1»
«addrcity» «addrstate» «addrzip»
«country»

---

Submit your claim online at
www.miamierisasettlement.com
**NO LATER THAN**
**DEADLINE 00, 2022**

---

Your Notice ID: «noticeid»

Your PIN: «pin»

This Former Participant Claim Form is **ONLY** for Settlement Class Members who are **Former Participants,** or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Settlement Class Member who does not have an account with a balance greater than $0.00 in any of the Plans (identified in the accompanying Settlement Notice) as of August 31, 2021. Former Participants who would like to elect to receive their settlement payment must file a claim on or before [claim form deadline], **2022**. To file a claim, follow the instructions in Part 2 below. Former Participants who complete and timely file a claim will receive their settlement payment by check. Please review the instructions below carefully. If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

info@MiamiERISASettlement.com or call 1-888-XXX-XXXX

## FORMER PARTICIPANT CLAIM FORM

### PART 1: GENERAL INFORMATION

1.      If you would like to receive your settlement payment, please complete a claim form either electronically online at www.MiamiERISASettlement.com or by completing this form and mailing it in using the instructions below. You should also keep a copy of all pages of your Former Participant Claim Form, including the first page with the address label, Notice ID and PIN; for your records.

2.      Timing of Payments to Authorized Former Participants. The timing of the distribution of the settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

3.      Questions? If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at 1-888-XXX-XXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the Settlement Website, www.MiamiERISASettlement.com.

4.      You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the Class Settlement of Santiago v. University of Miami, No. 1:20-cv-21784-DPG (S.D. Fla.). The Settlement Class is defined as follows:

All persons who participated in the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and/or the University of Miami Supplemental Retirement Annuity Program at any time from May 1, 2014 through August 31, 2021 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in any of the Plans at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in any of the Plans at any time during the Settlement Class Period. Excluded from this Settlement Class are any individuals who were members of the Plans' fiduciary committees during the Settlement Class Period

The Settlement provides that Settlement Class Members who did not have an account balance greater than $0.00 in any of the Plans as of August 31, 2021 ("Former Participants") will receive their allocations in the form of a check if and only if they timely submit, a valid Former Participant Claim Form. As described above, completed Former Participant Claim Forms must be submitted to the Settlement Administrator

## Former Participant Claim Form

**Your Notice ID:** «noticeid»

electronically, or by mail with a postmark date, on or before [claim form deadline], 2022. For more information about the Settlement, please see the Notice, visit www.MiamiERISASettlement.com, email info@MiamiERISASettlement.com or call 1-888-XXX-XXXX.

If you are a Former Participant, as described on the first page above, you are eligible to receive your payment by check payable to you. Please complete and electronically submit or mail this Former Participant Claim Form to the Settlement Administrator as described below on or before [claim form deadline], 2022.

## PART 2: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Electronically submit your Former Participant Claim Form on or before [claim form deadline], 2022 to the Settlement Administrator through the Settlement Website, www.MiamiERISASettlement.com.

   **NOTE**: If you file your claim online you do not need to go any further and should not submit this form.

2. If you do not wish to file your claim online at the settlement website, please complete the form below and mail your completed Former Participant Claim Form postmarked on or before [claim form deadline], 2022 to the Settlement Administrator at the following address:

   University of Miami ERISA Settlement
   P.O. Box _____
   _____, FL

   It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form. If you change your address after sending in your Former Participant Claim Form, please provide your new address to the Settlement Administrator. You must provide your date of birth, social security number, and signature.

3. You should also keep a copy of all pages of your Former Participant Claim Form, including the first page with the address label, Notice ID and PIN; for your records.

## PART 3: PARTICIPANT INFORMATION

| Field | |
|---|---|
| First Name / Middle Initial: | |
| Last Name: | |
| Mailing Address: | |
| City / State / Zip Code: | |
| Home Phone: | |
| Work or Cell Phone: | |
| Participant's Social Security Number: | |
| Participant's Date of Birth (MM/DD/YYYY): | |
| Email Address: | |

## Former Participant Claim Form

**Your Notice ID:** «noticeid»

| PART 4: BENEFICIARY OR ALTERNATE PAYEE INFORMATION *(IF APPLICABLE)* |
|---|

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. <u>Documentation must be provided showing current authority of the representative to file on behalf of the deceased.</u> Please complete the information below and then continue to **Part IV - Signature**.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO)**. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue to **Part IV - Signature**.

| | |
|---|---|
| **Beneficiary or Alternate Payee First Name / Middle Initial:** | |
| **Beneficiary or Alternate Payee Last Name:** | |
| **Mailing Address:** | |
| **City / State / Zip Code:** | |
| **Beneficiary or Alternate Payee Social Security Number:** | |
| **Beneficiary or Alternate Payee Date of Birth (MM/DD/YYYY):** | |

| PART 5: SIGNATURE |
|---|

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am a U.S. person (including a U.S. resident alien).

| Signature | | Date |
|---|---|---|

---

| *For Administrator Use — Do Not Write Below This Line* | | |
|---|---|---|
| (claim number) | (received date) | (postmarked date) |

**4xx**

v0.1

EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:20-cv-21784-DPG**

| |
|---|
| AUGUSTINO SANTIAGO, LILLY LEYVA, GUILLERMO CREAMER, and MARIA ACEITUNO, individually and as representative of a class of participants and beneficiaries of behalf of the University of Miami Retirement Savings Plan, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF MIAMI, <br><br> Defendant. |

**[PROPOSED ORDER] GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement ("Motion"). The Court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is

**ORDERED** as follows:

1.      **Settlement Class Findings and Certification**: Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been met as to the Settlement Class, and hereby certifies the Settlement Class, which is defined as:

**The University of Miami Settlement Class**:

All persons who participated in the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and/or the University of Miami Supplemental Retirement Annuity Program at any time from May 1, 2014 through August 31, 2021 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in any of the Plans at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in any of the Plans at any time during the Settlement Class Period.

Excluded from this Settlement Class are any individuals who were members of the Plans' fiduciary committees during the Settlement Class Period.

A.    The Court finds that Rule 23(a)(1) is satisfied because there are over 20,000 potential Settlement Class Members making joinder impracticable.

B.    The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plans, not only as to individual participants, including: whether the fiduciaries to the Plans breached their duties; whether the Plans suffered losses resulting from each breach of duty; and what Plan-wide equitable and other relief, if any, the Court should impose in light of Defendant's alleged breach of duty.

C.    The Court finds that Rule 23(a)(3) is satisfied because the claims of the Plaintiffs are typical of the claims of the Settlement Class because they all arise from conduct allegedly adversely affecting all of the Plans.

D.    The Court finds that Rule 23(a)(4) is satisfied and hereby appoints the Plaintiffs to represent the Settlement Class. The Court finds there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class. Instead, they share the same objectives, share the same factual and legal positions, and share the same interest in establishing

Defendant's liability. Additionally, Class Counsel is qualified, reputable, and has substantial experience in ERISA class actions.

E.      The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for Defendant, and that adjudication as to individual Settlement Class Members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impeded those persons' ability to protect their interests.

F.      The Court finds that Rule 23(g) is satisfied because the law firms Wenzel Fenton Cabassa, P.A., McKay Law,  LLC, and Justice For Justice, LLC, are capable of fairly and adequately representing the interests of the Settlement Class.  These firms are experienced in ERISA class actions and are knowledgeable of the applicable law.  These firms also have done substantial work on this case, including investigation; motion practice; discovery; and other efforts to represent the interests of the Settlement Class and the Plaintiffs.

2.      **Appointment of Class Representatives and Class Counsel:**  The court appoints the named Plaintiffs as Class Representatives to represent the Settlement Class, and the law firms Wenzel Fenton Cabassa, P.A., McKay Law, LLC, and Justice For Justice, LLC, as Class Counsel.

3.      **Preliminary Findings Regarding Proposed Settlement**: The Court Preliminarily finds that:

A.      The proposed Settlement resulted from extensive arm's-length negotiations;

B.      The Settlement Agreement was executed only after the parties engaged in substantial settlement negotiations, including discovery concerning the substantive merits and

defenses to Plaintiffs' claims, private mediation supervised by a nationally-recognized mediator who has extensive experience handling similar types of cases, and months of further negotiations thereafter to finalize the terms of the Settlement;

        C.     Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate;

        D.     The Settlement Agreement negotiated by Class Counsel further requires that a mutually agreed independent fiduciary will serve as a fiduciary to the Plans for purposes of approving and authorizing the Settlement on behalf of the Plans; and

        E.     The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class Members.

    4.     **Final Fairness Hearing**: A hearing is scheduled at the United States District Court for the Southern District of Florida, the Honorable District Court Judge Darrin P. Gayles, at _____ a.m./p.m. on _____, 2022, [not before January 1, 2022 ] (the "Final Fairness Hearing") to determine, among other issues:

        A.     Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

        B.     Whether the Settlement Notice and notice methodology were performed as directed by this Court;

        C.     Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved; and

        D.     Whether an amount of compensation to Plaintiffs should be approved.

    5.     **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the

*Santiago v. University of Miami* ERISA Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations §1.468- 1(a) promulgated under §468B of the Internal Revenue Code. The Settlement Fund shall be administered as follows:

A.     The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Plaintiffs and the Settlement Class Members as specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Expenses to Class Counsel and Plaintiffs' Compensation as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes and tax expenses, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B.     Within the time period set forth in the Settlement Agreement, Defendant or its insurer(s) shall cause $1,850,000 to be deposited into the Settlement Fund.

C.     The Court appoints American Legal Claim Services, LLC, as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

D.     Defendant shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation §1.468B-3(e)(2), which may be a combined statement under Treasury Regulation §1.468B-3(e)(2)(ii) and shall attach a copy of the statement to their

federal income tax returns filed for the taxable year in which Defendant makes a transfer to the Settlement Fund.

        E.     Defendant shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendant shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) its obligation to cause the Gross Settlement Amount to be paid; and (2) its agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

        F.     The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

        G.     The Gross Settlement Amount caused to be paid by the Defendant and/or its insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendant has divested itself of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order

shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon, less all Administrative Expenses already paid or incurred (to be split evenly between Class Counsel and Miami, as provided in the Settlement Agreement at Article 11.4), shall immediately be returned to the entity or entities that funded the Settlement Fund.

  H. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

  I. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

  J. The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Settlement Class Members will be subject to tax withholding as required by law and as described in the Settlement Notice and its attachments. In addition, all Plaintiffs' Compensation, Administrative Expenses, and all Attorneys' Fees and Expenses of Class Counsel shall be paid from the Settlement Fund.

  K. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due

7

with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L.     The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

M.     The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N.     The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the

award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.     **Settlement Notice**: The Settling Parties have presented to the Court a proposed form of Settlement Notice, which is appended to the Settlement Agreement as Exhibit 3.

A.     The Court finds that the proposed notice, and the website referenced in the Settlement Notice, fairly and adequately:

(i)     Describe the terms and effect of the Settlement Agreement and of the Settlement;

(ii)    Notify the Settlement Class concerning the Plan of Allocation;

(iii)   Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Plaintiffs, Attorneys' Fees and Expenses;

(iv)    Notify the Settlement Class that Administrative Expenses related to the Settlement will be paid from the Settlement Fund;

(v)     Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

(vi)    Describe how the recipients of the Settlement Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B.      The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall, by no later than sixty (60) days before the Fairness Hearing, cause the Settlement Notice (and Former Participant Claim Forms, as appropriate), with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by email to all Settlement Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of each Settlement Class Member for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Settlement Class (and Former Participant Claim Forms) in the manner described.  Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers of the Settlement Class Members. The names, addresses, email addresses (the extent available), and social security numbers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.      For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided social security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.      At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing requirements.

E.      The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to direct the Settlement Administrator to publish the Settlement Notice (and Former Participant Claim Form) on the Settlement Website.

6.      **Objections to Settlemen**t: Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Plaintiffs' Compensation, must file an objection in the manner set out in this Order.

A.      A Settlement Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Plaintiffs' Compensation must do the following: (i) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> United States District Courthouse, Southern District of Florida
> Wilkie D. Ferguson, Jr. United States Courthouse
> 400 North Miami Avenue
> Miami, Florida 33128
>
> WENZEL FENTON CABASSA, P.A.
> Attn: Brandon J. Hill (bhill@wfclaw.com)
> 1110 N. Florida Ave., Suite 300
> Tampa, FL 33602
> *Attorneys for Plaintiffs*
>
> MORGAN, LEWIS, BOCKIUS LLP
> Attn: Christopher J. Boran (christopher.boran@morganlewis.com)

11

110 N Wacker Drive
Chicago, IL 60606-1511
*Attorneys for Defendant*

B.      The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

C.      If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

D.      Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.      Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

F.      Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than seven (7) calendar days before the Fairness Hearing.

7.      **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out above may also appear at

12

the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

8.    **Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator either electronically, or by mail with a postmark date, no later than [10 calendar days before the Fairness Hearing].

9.    **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

10.    **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

11.    **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Plaintiff or the Settlement Class Members that their claims lack merit, or that the relief requested by Plaintiffs is

13

inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendant to class certification in the event that the Settlement Agreement is terminated.

12.     **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, Defendant, Plaintiffs, every Settlement Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action in any court or tribunal asserting any of the Plaintiffs' Released Claims or Defendant's Released Claims against the Released Defendant's Parties or Released Plaintiffs' Parties.

13.     **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 5 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendant's obligations pursuant to CAFA.

14.     **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any Settlement Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness Hearing.

15.     **Final Hearing May Be Held Via Zoom**:  Due to the ongoing COVID-19 pandemic, the Final Fairness Hearing may be held via Zoom without additional notice to class members.

**DONE AND ORDERED** in Chambers in Miami, Florida, this ___ day of _____.


_____
THE HONORABLE DARRIN P. GAYLES
U.S. DISTRICT COURT JUDGE

cc:  All counsel of record

15

EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:20-cv-21784-DPG**

| |
|---|
| AUGUSTINO SANTIAGO, LILLY LEYVA, GUILLERMO CREAMER, and MARIA ACEITUNO, individually and as representative of a class of participants and beneficiaries of behalf of the University of Miami Retirement Savings Plan, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF MIAMI, <br><br> Defendant. |

**IMPORTANT - PLEASE READ THIS NOTICE CAREFULLY**
**THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO OBJECT TO THE SETTLEMENT**

*A Federal Court authorized this notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against the University of Miami ("Defendant" or "Miami"). The class action lawsuit involves whether Miami complied with its fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing several defined contribution plans Miami sponsored for employees, including the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and the University of Miami Supplemental Retirement Annuity Program (collectively, the "Plans"). Miami denies any wrongdoing, but agreed to settle this case to avoid the expense, inconvenience, and disruption of class-action litigation.

- You are included as a Settlement Class Member if you are currently a participant in one or more of the Plans, or if you were a participant in one or more of the Plans at any time from May 1, 2014 through August 31, 2021 (the "Settlement Class Period"), or if you are a Beneficiary or Alternate Payee of one of the above individuals.

- Miami, through its insurance provider, has agreed to pay $1,850,000 into a settlement fund and has also agreed to certain nonmonetary terms concerning Miami's future evaluation of service providers for the Plans. Settlement Class Members are eligible to receive a pro rata share of the Settlement Amount remaining after payment of notice and administrative expenses, taxes and tax expenses, attorneys' fees and expenses that the Court awards to Class Counsel and to the Plaintiffs as service awards (the "Net Settlement Amount"). The amount of each Settlement Class Member's payment is based on his or her average account balance in the Plans during the Settlement Class Period. Payments to Current Participants will be deposited into one or more of their active account(s) in the Plans. Payments to certain Zero Account Balance Current Participants, Authorized Former Participants, Beneficiaries and Alternate Payees will be made directly by check.  (Unless specified otherwise herein, all capitalized terms are defined in the Settlement Agreement.)

- Please read this notice carefully. Your legal rights are affected whether you act or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO YOU NEED TO FILE A CLAIM?** | If you are a Current Participant, meaning you had a positive balance in one or more of the Plans as of August 31, 2021, you do *not* need to submit a claim in order to get a share of the Net Settlement Fund.<br><br>If you are a Former Participant, meaning you participated in one or more of the Plans during the Settlement Class Period but did not have a positive balance in any one of those Plans on August 31, 2021, you ***must*** submit, either electronically or by mail, a Former Participant Claim Form in order to get a share of the Net Settlement Fund.  (See the enclosed Former Participant Claim Form for instructions.) |
| **OBJECT BY [DATE, to be set by the Preliminary Approval Order, at least 30 days before the Fairness Hearing]** | If you wish to object to any part of the Settlement, Class Counsel's request for attorneys' fees and expenses, or the proposed service awards to the Plaintiffs, you may (as discussed below) write to the Court to explain why you object. Please note that if you object, the Court has authorized the parties to seek discovery from you, including requests for documents and appearance at a deposition. |
| **FINAL HEARING** | If you submit a written objection to the Court and counsel before the deadline above, you may ask to speak at a hearing in Court about the fairness of the Settlement. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing unless you notify the Court and counsel by [_____] [*30 days before the Fairness Hearing*], 2021, of your intention to appear at the hearing. |
| **DO NOTHING** | If you are a Current Participant, you will get a share of the Net Settlement Fund to which you are entitled and will give up your rights to sue Miami about the allegations in this case. If you are a Former Participant, and do not submit a Former Participant Claim Form, you will not get a share of the Net Settlement Fund and will give up your rights to sue Miami about the allegations in this case. |

2

**The Court still has to decide whether to approve this settlement, which may take some time, as explained below**.

## BASIC INFORMATION

| **1.   What is this notice and why should I read it?** |
|---|

The United States District Court for the Southern District of Florida has authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Santiago, et al. v. University of Miami*, No. 1:20-cv-21784-DPG (S.D. Fla.) (the "Class Action"), brought on behalf of a class of current and former participants and beneficiaries in the Plans.

You do not need to live in Florida to get a benefit under the Settlement. This notice describes the Settlement. Please read this notice carefully. Your rights and options – **and the deadlines to exercise them** – are explained in this notice. Please understand that if you are a Settlement Class Member, your legal rights are affected regardless of whether you act or not.

| **2.   What is this notice and why should I read it?** |
|---|

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a group of people who allegedly have similar claims. After the parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and preliminarily determined that the case should be treated as a class action for settlement purposes. Among other things, this preliminary approval permits Settlement Class Members to voice their support for or in opposition to the Settlement before the Court makes a final determination of whether to approve the Settlement. In a class action, the court resolves the issues for all class members.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| **3.   What is this lawsuit about?** |
|---|

Plaintiffs filed a class action complaint against Miami on behalf of a class of participants and beneficiaries in the Plans.  The complaint alleges that Miami breached its fiduciary duties under ERISA—that is, certain responsibilities under federal law—by failing to prudently monitor and manage the Plans' administrative, recordkeeping, and investment fees, as well as certain investment options. A more complete description of what Plaintiffs alleged is in the Complaint and First Amended Complaint is available on the Settlement Website at www.MiamiERISASettlement.com.

Miami denies all of Plaintiffs' claims of wrongdoing or liability against it, and asserts that its conduct was lawful.  Miami maintains that, at all relevant times, it has acted prudently and solely in the best interests of the Plans' participants, in accordance with its fiduciary responsibilities under ERISA. Among other things, appropriate fiduciaries monitor, review, and evaluate the Plans' investment options, their performance and expenses, and the administrative fees paid by the Plans. Miami also has insurance coverage related to the Plans. Miami and its insurer have worked together to determine how best to address Plaintiffs' claims. Miami and its insurer are settling the Class Action solely to avoid the expense, inconvenience, and disruption of litigation.

3

**4.   Why is there a settlement?**

The Court has not conclusively decided in favor of either side in the case. Plaintiffs brought this Class Action under ERISA. Specifically, Plaintiffs filed an original Complaint, and later a First Amended Complaint, alleging that the University breached its fiduciary duties of loyalty and prudence to the Plans and their participants.  (ECF Nos. 1 and __.)

The University moved to dismiss the original, three-count Complaint on July 8, 2020, in its entirety for failure to state a claim under Rule 12(b)(6) and pursuant Rule 12(b)(1).  (ECF No. 16.)  On March 1, 2021, a Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Miami's motion to dismiss be granted with respect to Counts II and III of the Complaint, as well as Plaintiffs' "duty of loyalty" claim in Count I.  However, the R&R recommended that Miami's motion be denied with respect to Plaintiffs' "duty of prudence" claim in Count I.  (ECF No. 43.)  The District Court affirmed and adopted the Magistrate Judge's Report on March 26, 2021, ordering the case to proceed as to what remained of Count I.  (ECF No. 46.)

Thereafter, Plaintiffs engaged in significant written discovery, and Miami deposed each of the four Plaintiffs.  Plaintiffs also filed a motion for class certification. In May 2021, the parties discussed whether a pre-trial, class-wide resolution might be attainable, and ultimately agreed to participate in a private mediation. On June 22, 2021, the parties engaged in a full-day mediation supervised by a nationally recognized mediator, David Geronemus, Esq., who has extensive experience mediating ERISA fiduciary-breach lawsuits similar to this one.  After lengthy negotiations, the parties reached the principal terms of the Settlement.  The final terms of that Settlement were negotiated over a period of months from June 22, 2021, through November 5, 2021.  Upon finalizing the terms of the Settlement, Plaintiffs filed the Amended Complaint and also filed a motion for preliminary approval of the proposed class action settlement the Parties had reached.  The Court preliminarily approved the Parties' class action Settlement, preliminarily certified the Settlement Class, and approved this notice to be sent to Settlement Class members.

## WHO IS INCLUDED IN THE SETTLEMENT?

**5.   How do I know if I am in the Settlement Class?**

The Court decided that everyone who fits the following description is a member of the Settlement Class:

> All persons who participated in the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and/or the University of Miami Supplemental Retirement Annuity Program at any time from May 1, 2014 through August 31, 2021 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in any of the Plans at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in any of the Plans at any time during the Settlement Class Period.

> Excluded from this Settlement Class are any individuals who were members of the Plans' fiduciary committees during the Settlement Class Period.

If you meet the definition above, and are not one of the excluded individuals, you are a Settlement Class Member.

<strong>THE SETTLEMENT BENEFITS</strong>

**6.   What does the Settlement provide?**

Miami, through its insurer, has agreed to pay $1,850,000 into a Settlement Fund, which includes amounts for expenses associated with administering the Settlement, taxes, tax expenses, as well as, to the extent required and approved by the Court, attorneys' fees and expenses to Class Counsel, and a service award to Plaintiffs. (*See* Questions No. 9-10.) The amount of each Settlement Class Member's payment is based on his or her average account balance in the Plans during the Settlement Class Period.

As part of the Settlement, Miami also has agreed to take certain actions in the future with respect to how it will evaluate service providers for the Plans. Specifically, before the conclusion of the three-year Settlement Period, the Plans' fiduciaries will initiate a request for proposal ("RFP") process for recordkeeping and administrative services for the Plans.  In addition, Miami will not agree to any increase in the contractual per-participant or asset-based fees paid to Fidelity and TIAA, respectively, for recordkeeping services they provide to the Plans during the Settlement Period.

If you are a Settlement Class Member (*see* Question No. 5) and you are a Current Participant, your payment will be deposited into one or more of your accounts in the Plans, and invested initially in the relevant qualified default investment alternative. If you choose to do so, you may then change your investment elections in the same way that you may for the other amounts invested in the Plans.  If you are a Settlement Class Member and a Current Participant, but are determined to be a Zero Account Balance Current Participant at the time of payment, you will receive your payment in the form of a check.

If you are an Authorized Former Participant who has timely submitted (electronically or by mail) a Former Participant Claim you will receive any payment under the Settlement directly in the form of a check.

If you are a beneficiary entitled to receive payments on behalf of a Settlement Class Member (a "Beneficiary"), you will receive your payment under the Settlement directly in the form of a check.

If you are an alternate payee entitled to receive payments on behalf of a Settlement Class Member pursuant to a Qualified Domestic Relations Order (an "Alternate Payee"), you will receive your payment directly in the form of a check.

<strong>HOW TO GET BENEFITS</strong>

**7.   How do I get benefits?**

After the Settlement Effective Date, the Settlement Administrator will cause the Net Settlement Amount to be allocated and distributed to Current Participants, Authorized Former Participants, and their Beneficiaries or Alternate Payees, in accordance with the Plan of Allocation set forth in Article 6 of the Settlement Agreement and as ordered by the Court. The Settlement Administrator will utilize the quarter-

ending account balances invested in the Plans for each Settlement Class Member during the Settlement Class Period to calculate payments to Settlement Class Members. Payments will be calculated as follows:

1. The end-of-quarter balances in all of the Plans during the Settlement Class Period of each Settlement Class Member are identified for each quarter;

2. All end-of-quarter balances identified in step 1 are summed together for each Settlement Class Member;

3. An average end-of-quarter balance for each Settlement Class Member is calculated for the Settlement Class Period (if a Settlement Class Member is or was a participant in more than one Plan, his or her average end-of-quarter balance in each such Plan is added together, for a total average end-of-quarter balance for such Settlement Class Member across all such Plans);

4. For each Settlement Class Member, the average end-of-quarter balance determined by step 3 is divided by the sum of all of the average end-of-quarter balances of all Settlement Class Members for the Settlement Class Period;

5. Each Settlement Class Member will receive the fraction of the total Net Settlement Amount which is calculated in step 4;

6. For purposes of these calculations, a zero should be included as the balance for any quarter during which an individual had no account balance, or did not participate in the Plans, at the quarter-end.

No amount shall be distributed to an Authorized Former Participant, Beneficiary, or Alternate Payee that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plans are instructed to make to Current Participants may not exceed the Net Settlement Amount.

The Settlement Administrator will complete all payment calculations described above within thirty (30) calendar days after the Settlement Effective Date. Current Participants will receive their Settlement payments as contributions to one or more of their accounts in the Plans, as provided in Paragraph 6.4 of the Settlement Agreement, unless the Current Participant is a Zero Account Balance Current Participant entitled to a payment by check in accordance with Paragraph 6.5 of the Settlement Agreement. Current Participants are not required to submit a Former Participant Claim Form to receive a Settlement payment.

Authorized Former Participants (meaning Former Participants who timely have submitted, electronically or by mail, a Former Participant Claim Form and qualify for Settlement payments) will receive their Settlement payment in the form of a check.

Beneficiaries will receive payments by check in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees will receive payments by check if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under Article 6 of the

6

Settlement Agreement, in accordance with the terms of the applicable Qualified Domestic Relations Order on file with the Plans' recordkeepers.

| 8. When will I get my payment? |
| --- |

The hearing to consider the final fairness of the Settlement is scheduled for [_____], 2022.

If you are a Current Participant, then you will receive your pro rata share of the Net Settlement Amount in the form of a deposit into your Plan account approximately three (3) months after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement. If you are a Zero Account Balance Current Participant or an eligible Beneficiary or Alternate Payee of a Current Participant, then you will receive your Settlement payment in the form of a check approximately three (3) months after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.

If you are an Authorized Former Participant (or a Beneficiary or Alternate Payee of such participant) who has timely submitted, electronically or by mail, a Former Participant Claim Form, the Settlement Administrator will effect a payment in the form of a check, representing your pro rata share of the Net Settlement Amount within approximately five (5) months after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.

If you are a Former Participant (or a Beneficiary or Alternate Payee of such participant) who does **not** submit a Former Participant Claim Form, you are not eligible and will not receive a payment for your pro rata share of the Net Settlement Amount, and you will still not be entitled to bring a claim concerning these issues against Miami.

All checks will expire and become void 120 days after they are issued, if they have not been cashed. These payments may have certain tax consequences; you should consult your tax advisor.

### THE LAWYERS REPRESENTING YOU

| 9. Who represents the Settlement Class? |
| --- |

For purposes of the Settlement, the Court has appointed lawyers from the law firm Wenzel Fenton Cabassa, P.A., McKay Law, LLC, and Justice for Justice, LLC. If you want to be represented by your own lawyer, you may hire one at your own expense.

In addition, the Court appointed the Named Plaintiffs, Augustina Santiago, Lilly Leyva, Guillermo Creamer, and Maria Aceituno, to serve as the Class Representatives. They are also Settlement Class Members. Subject to approval by the Court, Class Counsel has proposed that up to $7,000 may be paid to Plaintiffs as the Class Representatives in recognition of time and effort they expended on behalf of the Settlement Class. The Court will determine the proper amount of any award to Plaintiffs. The Court may award less than that amount, or none at all.

**10.  How will the lawyers be paid?**

Class Counsel has not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been awarded any expenses which they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third (33.33%) of the total $1,850,000.00 Settlement amount, plus their expenses incurred in the prosecution of the case. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel. Any attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the $1,850,000.00 Settlement Fund.

## YOUR RIGHTS AND OPTIONS

**11.  What is the effect of the final approval of the Settlement?**

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Class Action. Payments under the Settlement will then be processed and distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release and forever discharge Miami and each of the Released Defendant Parties from any and all Plaintiffs' Released Claims, which are defined in the Settlement Agreement as follows:

"Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, for actions during the Settlement Class Period:

That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Plaintiffs' original Complaint and/or First Amended Complaint; or

That arise out of, relate in any way to, are based on, or have any connection with the Plans' management or administration, including but not limited to: (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plans' investment options or service providers or advisors; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plans or any Settlement Class Member; (c) disclosures or failures to disclose information regarding the Plans' investment options or service providers; (d) the investment options offered to the Plans' participants; (e) the compensation received by the Plans' service providers; (f) the selection of service providers or advisors to the Plans; (g) the services provided to the Plans or the costs of those services; (h) the payment of compensation based on a percentage of total assets; (i) the Plans' investment structure(s); or (j) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions; or

That would be barred by *res judicata* based on entry of the Final Order; or

That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plans or any member of the Settlement Class in accordance with the Plan of Allocation; or

That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

No Settlement Class Member will be permitted to assert any Released Claims in any other litigation against Miami or any of the other Released Parties identified in the Settlement Agreement. If you object to any of the terms of the Settlement Agreement, you may notify the Court of your objection. (*See* Table on page 2 of this Notice.)

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. If the Settlement is not approved and the case resumes, there is no assurance that a class would be certified for litigation purposes or that members of any certified class will recover more than is provided for under the Settlement, or anything at all.

### 12. What happens if I do nothing at all?

If you are a Current Participant, or a Beneficiary or an Alternate Payee of a Current Participant, and you do nothing, you still will participate in the Settlement of this Class Action as a Settlement Class Member, and you will release any claims you may have against Miami and the other Released Parties, as set forth above and in the Settlement Agreement. (*See* Question Nos. 11 and 14.) You may also receive a payment as described in Question No. 8.

If you are a Former Participant, or a Beneficiary or an Alternate Payee of a Former Participant, and you do nothing, you will be bound by the Settlement of the Class Action as described in this Settlement Notice, if the Settlement is finally approved, BUT YOU WILL NOT RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM, POSTMARKED BY THE CLAIMS DEADLINE TO BE ESTABLISHED BY THE COURT.

### 13. Can I get out of the settlement?

No. If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement, but you may notify the Court of any objection you might have to the Settlement. (*See* Question No. 15.) If the Court approves the Settlement, it will do so under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the Settlement Class.

### 14. Can I sue the University of Miami for the same thing?

No. If the Court approves the Settlement, you will have released any right to sue Miami or any of the other Released Parties identified in the Settlement Agreement for the claims being resolved by this Settlement and any and all other "Released Claims," as set forth in the Settlement Agreement and in Question No. 11 above.

| **15. How do I object to the Settlement?** |
|---|

If you are a Settlement Class Member, you can object to any part of the Settlement or to Class Counsel's request for an award of attorneys' fees, expenses and Plaintiffs' awards. To object, you must submit a written statement giving the reasons why you think the Court should not approve the Settlement. The Court will consider your views. Your objection to the Settlement or Class Counsel's request for attorneys' fees and expenses must be received no later than _____ [30 days before the Fairness Hearing], 2022, and must be sent to the Court and the attorneys for the Parties at the addresses below:

| **The Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk of Court | Brandon J. Hill | Christopher Boran |
| Southern District of Florida | WENZEL FENTON | MORGAN, LEWIS & BOCKIUS LLP |
| Wilkie D. Ferguson, Jr. | CABASSA, P.A. | 110 N Wacker Drive |
| United States Courthouse | 1110 North Florida Ave., | Chicago, Illinois 60606 |
| 400 North Miami Avenue | Suite 300 | christopher.boran@morganlewis.com |
| Miami, Florida 33128 | Tampa, Florida 33602 | |
| | bhill@wfclaw.com | |

The objection must be in writing and include the case name *Santiago, et al. v. University of Miami*, No. 1:20-cv-21784-DPG (S.D. Fla.); as well as include: (a) your name; (b) your full mailing address; (c) a statement that you are a member of the Settlement Class; (d) the specific grounds for the objection (including any legal support or evidence that you wish to bring to the Court's attention or introduce in support of such objection), (e) your signature; and (f) if you are represented by an attorney or wish to attend and speak at the Fairness Hearing, a notice to appear.

All objections must be filed no later than _____, 2021 [*thirty (30) calendar days before the date of the Fairness Hearing*]. The Court will consider all properly filed objections or comments from Settlement Class Members. Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and expenses by _____, 2021 [*thirty (30) calendar days prior to the objection deadline*]. Please note that the Court's Preliminary Approval Order of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests on any objector, including requests for documents and notice of deposition not to exceed two hours in length. Any responses to discovery, or any depositions, must be completed within ten (10) days of the request being served on the objector.

### THE COURT'S FAIRNESS HEARING

| **16. When and where will the Court hold a hearing on the fairness of the Settlement?** |
|---|

A Fairness Hearing has been set for [date] at [time], before The Honorable Darrin Gayles at the U.S. District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, Courtroom [_____].

At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses

and the awards to Plaintiffs as the Class Representatives. You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court. (*See* Question No. 17.)

**Note**: The date and time of the Fairness Hearing are subject to change by Court Order and may be conducted via Zoom and or a conference call without any additional mailed notice, but any changes will be posted at www.MiamiERISASettlement.com.

### 17.  Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to discuss it with the Court. As long as any written objection you choose to make was filed and mailed on time and meets the other criteria described above, the Court will consider it. You may also retain another lawyer to attend at your own expense, but you do not have to.

### 18.  May I speak at the hearing?

If you are a Settlement Class Member, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by submitting a notice of appearance no later than _____, 2021 [*thirty (30) calendar days prior to the date of the Fairness Hearing*].

## GETTING MORE INFORMATION

### 19.  Where can I get additional information?

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information at www.MiamiERISASettlement.com. You can also get more information by writing to the Settlement Administrator at P.O. Box _____ , _____ or calling toll-free 1-888-_____. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the U.S. District Court located at Clerk of Court for the Southern District of Florida Wilkie D. Ferguson, Jr. United States Courthouse 400 North Miami Avenue, Miami, Florida 33128.

If you would like additional information, you can also call Class Counsel at 1-800-449-4900.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR MIAMI WITH QUESTIONS ABOUT THE SETTLEMENT.**

EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:20-cv-21784-DPG**

AUGUSTINO SANTIAGO, LILLY LEYVA,
GUILLERMO CREAMER, and MARIA
ACEITUNO, individually and as representative
of a class of participants and beneficiaries of
behalf of the University of Miami Retirement
Savings Plan,

Plaintiffs,

v.

UNIVERSITY OF MIAMI,

Defendant.

**[PROPOSED ORDER] GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Upon consideration of the Plaintiffs' Unopposed Motion for Final Approval of the
Settlement of the above-referenced litigation under the terms of a Class Action Settlement
Agreement dated [_____], (the "Settlement Agreement"), the Court hereby **ORDERS** as
follows:

1.      For purposes of this Final Order and Judgment, capitalized terms used herein have
the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2.      As described in the Court's Order Granting Motion for Preliminary Approval of
Class Action Settlement (DE __), this litigation arises out of alleged breaches of fiduciary duties
against Defendant, University of Miami, under the Employee Retirement Income Security Act of
1974 (ERISA), as amended, 29 U.S.C. §1001, et seq., with respect to the management, operation,

2

and administration of the University of Miami Retirement Savings Plan, together with all other defined contribution plans sponsored by Miami for which either Fidelity or TIAA-CREF (or both) serve or have served as an administrative service provider during the Settlement Class Period (collectively "the Plans").[1]   The Court preliminarily approved this Settlement on [_____], 2021 (DE __).

3.      In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Settlement Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. §1711, et seq., notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

4.      The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

5.      All requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq*., have been met, and Defendant has satisfied all of its obligations under the Class Action Fairness Act.

---

[1] As defined in the Settlement Agreement, the relevant Plans include the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and/or the University of Miami Supplemental Retirement Annuity Program.  (Ex. __, Settlement Agreement § 2.27.)

6.      Settlement Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

7.      [Each and every objection to the Settlement is overruled with prejudice.]

8.      The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plans and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

9.      The operative complaint and all claims asserted therein and in the original complaint in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties, Defendant, and Released Parties other than as provided for in the Settlement Agreement.

10.      As of the Settlement Effective Date, the Plaintiffs, the Plans, and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalves and on behalf of the Plans, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Settlement Class Members have received a monetary benefit from the Settlement, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

4

11.     As of the Settlement Effective Date, the Plaintiffs, the Plans, and the Settlement Class Members expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

12.     Class Counsel, Plaintiffs, Settlement Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Plaintiff, Settlement Class Member, and the Plans shall expressly, upon the entry of this Final Order, be deemed to have, and, by operation of this Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. Plaintiffs, Settlement Class Members, and the Plans acknowledge and shall be deemed by operation of this Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

13.     Each Plaintiff, each Settlement Class Member, and the Plans hereby stipulate and agree with respect to any and all Released Claims that, upon entry of this Final Order, the

Settlement Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Also, the Plaintiffs, Settlement Class Members, and the Plans shall, upon entry of this Final Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

14.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Settlement Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

15.     Each Plaintiff and Settlement Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

16.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation approved by the Court.

17.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance.

18.     With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the administrator or other fiduciaries of the Plans, in accordance with applicable law and the governing terms of the Plans.

19.     Within seven (7) calendar days following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

20.     Upon entry of this Order, all Plaintiffs, Settlement Class Members, and the Plans shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this ___ day of November, 2022.

_____
**THE HONORABLE DARRIN P. GAYLES**
**U.S. DISTRICT COURT JUDGE**

cc: All counsel of record

EXHIBIT 5

_____, 2021

**VIA USPS CERTIFIED MAIL**

[Department]
[Address]

Re:   *Santiago, et al. v. University of Miami,* No. 1:20-cv-21784-DPG (S.D. Fla.)-
        <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

We are hereby providing you with this Notice of a Proposed Class Action Settlement on behalf of Defendant University of Miami ("Miami") in the above-referenced class action pursuant to the Class Action Fairness Act of 2005 ("CAFA").

In accordance with Defendant's obligations under CAFA, we are enclosing the following:

**(1)      The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiffs' Class Action Complaint and First Amended Complaint filed in the above-referenced case can be found on the enclosed CD as "Exhibit 1- Complaints."

**(2)      Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a fairness hearing regarding the settlement.  Once the Court sets a hearing date, such date(s) can be found on PACER as follows:  (1) enter PACER through https://ecf.flsd.uscourts.gov/cgi-bin/ShowIndex.pl, (2) click on "Query," (3) enter the civil case number, 1:20-cv-21784-DPG, (4) click on "Run Query," and (5) click on the link "Docket Report."  The order(s) scheduling hearing(s) will be found on the docket entry sheet.

**(3)      Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing."

**(4)      Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Settlement Agreement."  There are no other agreements contemporaneously made between Class Counsel and counsel for Miami.

**(5)      A final judgment or notice of dismissal.**

Addressee
__, 2021
Page 2

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online as follows:  (1) enter PACER through https://ecf.flsd.uscourts.gov/cgi-bin/ShowIndex.pl, (2) click on "Query," (3) enter the civil case number 1:20-cv-21784-DPG, (4) click on "Run Query," and (5) click on the link "Docket Report."  The order(s) entering final judgment will be found on the docket entry sheet.

**(6)     Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD as "Exhibit 4 – Class Members" is a spreadsheet listing the names of Settlement Class Members. You can sort the spreadsheet by state of residence to identify all Settlement Class Members who we believe to reside in your state. The specific settlement allocation to each Class Member will be determined according to a Court-approved formula.  As a result, we do not yet know which Settlement Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the Settlement Class Members who reside in each state to the entire settlement.  Upon final approval of the Court, the settlement proceeds will be distributed among the Settlement Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

**(7)     Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered a Preliminary Approval Order or any opinions relating to the materials described in sections (3) through (5).  Upon entry, a copy of said Order or opinion can be found online through the process described in section (5) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be found online through the process described in section (5) above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,

*/s/* _____

[Name]