**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:20-cv-21784-DPG**

AUGUSTINO SANTIAGO, LILLY LEYVA, GUILLERMO CREAMER, and MARIA ACEITUNO, individually and as representative of a class of participants and beneficiaries of behalf of the University of Miami Retirement Savings Plan,

Plaintiffs,

v.

UNIVERSITY OF MIAMI,

Defendant.

## DECLARATION OF BRANDON J. HILL

I, Brandon J. Hill, declare under penalty of perjury as follows:

1. Unless otherwise indicated, the facts set forth below are based on my personal knowledge and the opinions set forth herein are my own. I understand that this declaration under oath may be filed in the above captioned action.

2. I am filing this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement.

3. As explained further below, I support the settlement reached by the Parties in this case as fair, reasonable, and adequate, and ask that the Court approve it.

4. I am a partner at Wenzel Fenton & Cabassa, P.A. and counsel in the above-styled case.

3. I am a licensed attorney in Florida, Illinois, and the District of Columbia. I have been a member of the Florida Bar since April of 2007, and have practiced almost exclusively labor and employment law since that time. I have an LL.M. from the George Washington University School of Law, a J.D. from Florida State University College of Law, and two Bachelor's degrees from the University of Kansas.

5. I am admitted in the United States District Courts for the Middle and Southern District of Florida, the Northern District of Illinois, Eastern District of Michigan, and the United States Court of Appeals for the Eleventh Circuit.

6. I have represented employers and employees in all stages of litigation in federal and state courts throughout Florida, and beyond. In the Middle District of Florida alone I have served as co-counsel or lead counsel in nearly 500 federal cases.

7. I, along with Luis A. Cabassa, have been appointed as class counsel in multiple class action cases, including, for example, in: *Rigney v. Target Corp.*, M.D. Fla. Case No.: 8:15-cv-02456 (Doc. 58) (appointed as class counsel in ERISA class action brought for deficient COBRA notice involving 92,000 class members nationwide); *Hicks v. Lockheed Martin Corp.*, 8:19-cv-00261-JSM-TGW (Doc. 41) (appointed as class counsel in ERISA class action brought for deficient COBRA notice involving 54,000 class members nationwide); *Hargrett, et al. v. Amazon.com, DEDC, LLC*, 8:15-cv-02456-WFJ-AAS, M.D. Fla. Case No.: 8:15-cv-02456 (appointed as class counsel in FCRA case with 480,000+ class members nationwide); *Brown, et al. v. Lowe's Companies, Inc., and LexisNexis Screening Solutions, Inc.,* Case No.: 5:13-CV-00079-RLV-DSC (W.D.N.C) (appointed as co-class counsel in national FCRA class action matter involving 451,000 class members nationwide); *Vazquez v. Marriott International, Inc.,* M.D. Fla. Case No.: 8:17-cv-00116-MSS-SPF (appointed as class counsel in ERISA/COBRA class action

case involving over 19,000 class members); *Silberstein v. Petsmart, Inc.*, M.D. Fla. Case No.: 8:19-cv-02800-SCB-AAS(appointed as co-class counsel in ERISA/COBRA class action case involving over 12,000 class members; *Mahoney v. TT Pines*, SD Fl. Case No.: 9:17-cv-80029 (appointed as class counsel in TCPA case with 375,000+ class members); *Valdivieso v. Cushman & Wakefield, Inc.*, 8:17-cv-00118-SDM-JSS (appointed as class counsel in ERISA/COBRA class action case involving over 2,000 class members); *Figueroa v. Baycare Healthcare Systems, Inc*. 8:17-cv-01780-JSM-AEP (appointed class counsel for FCRA class case); *Speer v. Whole Foods Market Group, Inc*., 8:14-cv-03035-RAL- TBM (M.D. Fla.) (Fair Credit Reporting Act class action settlement involving 20,000 individuals presided over by Judge Lazzara); *Kohler, Kimberly v. SWF Operations, LLC and Domino's Pizza, LLC*, Case No. 8:14-cv-2568-T-35TGH (appointed class counsel for FCRA class case); *Smith, et al. v. QS Daytona, LLC,* Case No.: 6:15-cv-00347-GAP-KRS (M.D. Fla.) (Doc. 45) (appointed as class counsel in FCRA class action); *Patrick, Nieyshia v. Interstate Management Company, LLC*, Case No. 8:15-cv-1252-T-33AEP (M.D. Fla.) (appointed as class counsel in FCRA class action with approximately 32,000 class members); *George v. Primary Care Holding Inc.*, Case No. 0:17-cv-60217-BB (S.D. Fla.) (appointed as class counsel in FCRA class); *Moody, et al v. Ascenda, et al*., Case No. 0:16-cv-60364-WPD (S.D. Fla.) (appointed as class counsel in FCRA class action with approximately 12,000 class members).

8. I support the settlement reached by the Parties in this case as fair, reasonable, and adequate, and ask that the Court approve it.

9. If permitted by the Court, I will also continuing representing the class through final approval and will defend against any objectors.

10. The Named Plaintiffs, Augustino Santiago, Lilly Leyva, Guillermo Creamer, and Maria Aceituno, have each been excellent class representative and taken an active role in this litigation.

11. None of the Named Plaintiffs have any existing conflicts with class members of which I am aware. Since the inception of this case they each have communicated with their attorneys, spent time preparing for and being deposed by Defendant's counsel, reviewed documents provided in discovery, participated in discovery, prepared for and participated in the mediation and settlement discussions, and have otherwise done everything necessary to keep the case on track and protect the Class Members' interests.

12. The case was litigated thoroughly and the decision to settle was well-informed.

13. The Named Plaintiffs filed the operative complaint on April 29, 2020. Miami moved to dismiss the complaint on July 8, 2020.

14. On March 1, 2021, Magistrate Judge Lauren F. Louis issued a Report and Recommendation ("R&R"), granting in part and denying in part the University of Miami's motion to dismiss. Count I of Plaintiffs' complaint survived the motion to dismiss. In Count I, Plaintiffs allege Miami breached its ERISA duty of prudence by, among other things: (1) contracting with multiple recordkeepers for the Plan's administrative services, thus incurring duplicative and excessive fees; (2) allowing excessive payments to third-party service providers; and (3) and failing to implement a competitive bidding process for administrative services. In short, Plaintiffs contend that these actions and omissions resulted in the Plan paying excessive and unreasonable administrative fees. Miami objected to the R&R, but its objection was overruled by Judge Darrin P. Gayles on March 26, 2021.

15. Plaintiffs then served extensive class-wide discovery on Defendant on April 21, 2021, including requests for production, interrogatories, and a Fed.R.Civ.P. 30(b)(6) deposition notice.

16. On April 5, 2021, Plaintiffs filed a motion to certify a class.

17. The Named Plaintiffs, Augustino Santiago, Lilly Leyva, Guillermo Creamer, and Maria Aceituno, were each deposed at different times on May 12 and May 13, 2021.

18. Prior to the Named Plaintiffs' depositions, Defendant produced extensive records and documents related to the claims and defenses in this case for review and analysis by Plaintiffs' counsel.

19. After each of the Named Plaintiffs were deposed, and following Defendant's large document production, the parties agreed to extend Miami's response date to the motion to certify so the parties could participate in a mediation to try and resolve this case without incurring additional and unnecessary litigation costs.

20. On June 22, 2021, the parties engaged in a full-day mediation with a nationally recognized mediator, David Geronemus, Esq., who has extensive experience handling ERISA fiduciary-breach lawsuits similar to this one.

21. The mediation was successful, resulting in the parties reaching agreement on the principal terms of the settlement, memorialized in a fully-executed term sheet, which was finalized during the evening of June 22.

22. If approved here, the settlement provides for immediate relief to the Settlement Class Members. The Settlement provides for a monetary payment of $1,850,000 as compensation to the Settlement Class. (*See* Ex. A, Settlement Agreement § 2.21.) This "Gross Settlement Amount" will cover the independent fiduciary fees; settlement administration fees and costs; any

Plaintiffs' Compensation approved by the Court; and any Class Counsel fees and costs approved by the Court. (*Id*. § 2.21.) The remaining "Net Settlement Amount" will be distributed to Settlement Class Members pursuant to the proposed Plan of Allocation. (*See id.* §§ 6.1-6.12.)

23. As explained in the Unopposed Motion for Preliminary Approval, for those Settlement Class Members with an active account in one or more of the Plans as of August 31, 2021, and who are not Zero Account Balance Current Participants at the time settlement payments are made, automatic settlement payments will be made directly to their Plan accounts (*id.* § 6.4.) For those Settlement Class Members who are a Zero Account Balance Current Participants, their settlement payments will be made via check to the address of such participants (*id.* §6.4, 6.5). Settlement Class Members who do not have an active account in any of the Plans as of August 31, 2021, will submit—either electronically or by mail—a simple claim form to become eligible to receive a cash payment via check. (*See id.* § 6.6; *see also id.* Ex. 1 to Settlement Agreement (Former Participant Claim Form).)

24. No payment less than $10 shall be distributed to any Settlement Class Member who is a Former Participant of the Plans. (*Id.* § 6.3.3.) Any Net Settlement Amount remaining after the settlement distributions are made and all Administrative Costs or applicable taxes have been paid, if any, shall be returned to the Plans to defray administrative fees and expenses of the Plans; there will be no *cy pres* payment or reversion to Miami. (*See id*. § 6.11-6.12.)

25. In my opinion, the $1.85 million recovery falls well within the range of reasonableness in this case, as it is a substantial percentage of the estimated recovery Plaintiffs' counsel estimated could be recovered if successful in litigating the case through trial.

26. In addition, the University has agreed to certain non-monetary terms that will further benefit Settlement Class Members and the Plans more generally. Specifically, within three

years of the Settlement Effective Date, the Plans' fiduciaries will initiate a request for proposals ("RFP") for recordkeeping and administrative services for the Plans. Additionally, the University and the Plans' fiduciaries have agreed that they will not agree to any increase in the current contractual fees paid by the Plans to Fidelity and TIAA for recordkeeping services those entities provide to the Plans during the three following the Settlement Effective Date. (*Id*. §§ 10.1-10.3.)

27. I support the settlement reached by the Parties in this case as fair, reasonable, and adequate, and ask that the Court approve it.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.*

Dated this 23rd day of November, 2021.

                                           */s/ Brandon J. Hill*
                                           **BRANDON J. HILL**