UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21784-GAYLES/LOUIS

**AUGUSTINO SANTIAGO, LILLY LEYVA, GUILLERMO CREAMER, and MARIA ACEITUNO**, individually and as representatives of a class of participants and beneficiaries on behalf of the University of Miami Retirement Savings Plan,

     Plaintiffs,

v.

**UNIVERSITY OF MIAMI**,

     Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement (the "Motion") [ECF No. 58]. The Court has reviewed the Motion, the proposed Settlement, and supporting papers, and is otherwise fully advised.[1] Based thereon, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement, [ECF No. 58], is **GRANTED** as follows:

    1.    **Settlement Class Findings and Certification:** Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23(a) and (b)(1) of the Federal Rules of

---

[1] For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

Civil Procedure have been met as to the Settlement Class, and hereby certifies the Settlement Class, which is defined as:

> **The University of Miami Settlement Class:**
>
> All persons who participated in the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and/or the University of Miami Supplemental Retirement Annuity Program at any time from May 1, 2014 through August 31, 2021 (the "Settlement Class Period"), including any Beneficiary of a deceased person who participated in any of the Plans at any time during the Settlement Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in any of the Plans at any time during the Settlement Class Period.
>
> Excluded from this Settlement Class are any individuals who were members of the Plans' fiduciary committees during the Settlement Class Period.

      A.    The Court finds that Rule 23(a)(1) is satisfied because there are over 20,000 potential Settlement Class Members making joinder impracticable.

      B.    The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plans, not only as to individual participants, including: whether the fiduciaries to the Plans breached their duties; whether the Plans suffered losses resulting from each breach of duty; and what Plan-wide equitable and other relief, if any, the Court should impose in light of Defendant's alleged breach of duty.

      C.    The Court finds that Rule 23(a)(3) is satisfied because Plaintiffs' claims are typical of the claims of the Settlement Class because they all arise from conduct allegedly adversely affecting all of the Plans.

      D.    The Court finds that Rule 23(a)(4) is satisfied and hereby appoints Plaintiffs to represent the Settlement Class. The Court finds there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class. Instead, they share the same objectives, share

the same factual and legal positions, and share the same interest in establishing Defendant's liability. Additionally, Class Counsel is qualified, reputable, and has substantial experience in ERISA class actions.

   E. The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for Defendant, and that adjudication as to individual Settlement Class Members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impede those persons' ability to protect their interests.

   F. The Court finds that Rule 23(g) is satisfied because the law firms Wenzel Fenton Cabassa, P.A., McKay Law, LLC, and Justice For Justice, LLC, are capable of fairly and adequately representing the interests of the Settlement Class. These firms are experienced in ERISA class actions and are knowledgeable of the applicable law. These firms also have done substantial work on this case, including investigation, motion practice, discovery, and other efforts to represent the interests of the Settlement Class and Plaintiffs.

  2. **Appointment of Class Representatives and Class Counsel:** The Court appoints the named Plaintiffs as Class Representatives to represent the Settlement Class, and the law firms Wenzel Fenton Cabassa, P.A., McKay Law, LLC, and Justice For Justice, LLC, as Class Counsel.

  3. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

   A. The proposed Settlement resulted from extensive arm's-length negotiations;

B. The Settlement Agreement was executed only after the parties engaged in substantial settlement negotiations, including discovery concerning the substantive merits and defenses to Plaintiffs' claims, private mediation supervised by a nationally-recognized mediator who has extensive experience handling similar types of cases, and months of further negotiations thereafter to finalize the terms of the Settlement;

C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate;

D. The Settlement Agreement negotiated by Class Counsel further requires that a mutually-agreed independent fiduciary will serve as a fiduciary to the Plans for purposes of approving and authorizing the Settlement on behalf of the Plans; and

E. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class Members.

4. **Final Fairness Hearing:** A hearing is scheduled in Court Room 11-1 of the United States District Court for the Southern District of Florida, located at 400 North Miami Avenue, Miami, Florida 33128, before United District Court Judge Darrin P. Gayles, at **10:00 A.M. on April 5, 2022** (the "Final Fairness Hearing"), to determine, among other issues:

A. Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B. Whether the Settlement Notice and notice methodology were performed as directed by this Court;

C. Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved; and

D. Whether an amount of compensation to Plaintiffs should be approved.

5. **Establishment of Qualified Settlement Fund:** A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Santiago v. University of Miami* ERISA Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468- 1(a) promulgated under § 468B of the Internal Revenue Code. The Settlement Fund shall be administered as follows:

    A.    The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Plaintiffs and the Settlement Class Members as specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Expenses to Class Counsel and Plaintiffs' Compensation as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes and tax expenses, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

    B.    Within the time period set forth in the Settlement Agreement, Defendant or its insurer(s) shall cause $1,850,000 to be deposited into the Settlement Fund.

    C.    The Court appoints American Legal Claim Services, LLC, as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

    D.    Defendant shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement

under Treasury Regulation § 1.468B-3(e)(2)(ii) and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendant makes a transfer to the Settlement Fund.

      E.    Defendant shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendant shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) its obligation to cause the Gross Settlement Amount to be paid; and (2) its agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

      F.    The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

      G.    The Gross Settlement Amount caused to be paid by Defendant and/or its insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendant has divested itself of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date;

the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon, less all Administrative Expenses already paid or incurred (to be split evenly between Class Counsel and Miami, as provided in the Settlement Agreement at Article 11.4), shall immediately be returned to the entity or entities that funded the Settlement Fund.

    H. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

    I. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

    J. The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Settlement Class Members will be subject to tax withholding as required by law and as described in the Settlement Notice and its attachments. In addition, all Plaintiffs' Compensation, Administrative Expenses, and all Attorneys' Fees and Expenses of Class Counsel shall be paid from the Settlement Fund.

    K. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement

Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

M. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement

Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6. **Settlement Notice:** The Settling Parties have presented to the Court a proposed form of Settlement Notice, which is appended to the Settlement Agreement as Exhibit 3.

    A. The Court finds that the proposed notice, and the website referenced in the Settlement Notice, fairly and adequately:

        (i) Describe the terms and effect of the Settlement Agreement and of the Settlement;

        (ii) Notify the Settlement Class concerning the Plan of Allocation;

        (iii) Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Plaintiffs Attorneys' Fees and Expenses;

        (iv) Notify the Settlement Class that Administrative Expenses related to the Settlement will be paid from the Settlement Fund;

        (v) Give notice to the Settlement Class of the time and place of the Final Fairness Hearing; and

        (vi) Describe how the recipients of the Settlement Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B.       The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall, by no later than sixty (60) days before the Final Fairness Hearing, cause the Settlement Notice (and Former Participant Claim Forms, as appropriate), with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by email to all Settlement Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of each Settlement Class Member for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Settlement Class (and Former Participant Claim Forms) in the manner described. Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers of the Settlement Class Members. The names, addresses, email addresses (the extent available), and social security numbers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.       For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided social security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.       At or before the Final Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing requirements.

      E.      The Court directs Class Counsel, no later than sixty (60) days before the Final Fairness Hearing, to direct the Settlement Administrator to publish the Settlement Notice (and Former Participant Claim Form) on the Settlement Website.

      7.      **Objections to Settlement:** Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Plaintiffs' Compensation, must file an objection in the manner set out in this Order.

      A.      A Settlement Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Plaintiffs' Compensation must do the following: (i) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

>  Clerk of the Court
>  United States District Courthouse, Southern District of Florida
>  Wilkie D. Ferguson, Jr. United States Courthouse
>  400 North Miami Avenue
>  Miami, Florida 33128
>
>  WENZEL FENTON CABASSA, P.A.
>  Attn: Brandon J. Hill (bhill@wfclaw.com)
>  1110 N. Florida Ave., Suite 300
>  Tampa, FL 33602
>  *Attorneys for Plaintiffs*
>
>  MORGAN, LEWIS, BOCKIUS LLP
>  Attn: Christopher J. Boran (christopher.boran@morganlewis.com)

>110 N Wacker Drive
>Chicago, IL 60606-1511
>*Attorneys for Defendant*

        B.       The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Final Fairness Hearing.

        C.       If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Final Fairness Hearing.

        D.       Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

        E.       Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

        F.       Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than seven (7) calendar days before the Final Fairness Hearing.

    8.       **Appearance at Final Fairness Hearing:** Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out above may also

appear at the Final Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Final Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) calendar days before the date of the Final Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Final Fairness Hearing.

9. **Claim Form Deadline:** All valid Former Participant Claim Forms must be received by the Settlement Administrator either electronically, or by mail with a postmark date, no later than 10 calendar days before the Final Fairness Hearing.

10. **Service of Papers:** Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

11. **Termination of Settlement:** If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

12. **Use of Order:** This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any

amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any Plaintiff or the Settlement Class Members that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendant to class certification in the event that the Settlement Agreement is terminated.

13.     **Parallel Proceedings:** Pending final determination of whether the Settlement Agreement should be approved, Defendant, Plaintiffs, every Settlement Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action in any court or tribunal asserting any of Plaintiffs' Released Claims or Defendant's Released Claims against the Released Defendant's Parties or Released Plaintiffs' Parties.

14.     **Class Action Fairness Act Notice:** The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 5 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendant's obligations pursuant to CAFA.

15.     **Continuance of Final Fairness Hearing:** The Court may continue the Final Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any Settlement Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Final Fairness Hearing.

16. **Final Fairness Hearing May Be Held Via Zoom:** Due to the ongoing COVID-19 pandemic, the Final Fairness Hearing may be held via Zoom without direct notice to class members. The Zoom log in information shall be placed on the Court's calendar three (3) calendar days before the scheduled date of the Final Fairness Hearing.

17. Plaintiffs' Motion for Class Certification, [ECF No. 47], is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: All counsel of record