UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21784-GAYLES/LOUIS

AUGUSTINO SANTIAGO, LILLY LEYVA,
GUILLERMO CREAMER, and MARIA
ACEITUNO, individually and as representatives
of a class of participants and beneficiaries on
behalf of the University of Miami Retirement
Savings Plan,

      Plaintiffs,

v.

UNIVERSITY OF MIAMI,

      Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** came before the Court on Plaintiffs', Augustino Santiago, Lilly Leyva, Guillermo Creamer, and Maria Aceituno, Unopposed Motion for Final Approval of the Parties' Class Action Settlement (the "Motion") [ECF No. 62]. The Court has considered the Motion and the record, held a Fairness Hearing on April 5, 2022, and is otherwise fully advised. Upon consideration of the Motion in the above-referenced litigation under the terms of a Class Action Settlement Agreement dated November 23, 2021, (the "Settlement Agreement"), it is

**ORDERED AND ADJUDGED** as follows:

    1.    For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

    2.    As described in the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement, [ECF No. 60], this litigation arises out of alleged breaches of fiduciary

duties against Defendant, University of Miami, under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1001, *et seq.*, with respect to the management, operation, and administration of the University of Miami Retirement Savings Plan, together with all other defined contribution plans sponsored by Miami for which either Fidelity or TIAA-CREF (or both) serve or have served as an administrative service provider during the Settlement Class Period (collectively "the Plans").[1] The Court preliminarily approved this Settlement on December 9, 2021. [ECF No. 60].

3. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Settlement Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

4. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

5. All requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, have been met, and Defendant has satisfied all of its obligations under the Class Action Fairness Act.

---

[1] As defined in the Settlement Agreement, the relevant Plans include the University of Miami Retirement Savings Plan, the Defined Contribution Retirement Plan for Faculty of the University of Miami, the University of Miami Retirement Savings Plan II, the UHealth Retirement Savings Plan III, and/or the University of Miami Supplemental Retirement Annuity Program.

6. Settlement Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

7. Plaintiffs' Unopposed Motion for Final Approval of the Parties' Class Action Settlement, [ECF No. 62], is **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plans and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8. The operative complaint and all claims asserted therein and in the original complaint in the Class Action are hereby **DISMISSED with prejudice** and without costs to any of the Settling Parties, Defendant, and Released Parties other than as provided for in the Settlement Agreement.

9. As of the Settlement Effective Date, the Plaintiffs, the Plans, and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plans, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Settlement Class Members have received a monetary benefit from the Settlement, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

10. As of the Settlement Effective Date, the Plaintiffs, the Plans, and the Settlement Class Members expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11. Class Counsel, Plaintiffs, Settlement Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Plaintiff, Settlement Class Member, and the Plans shall expressly, upon the entry of this Final Order, be deemed to have, and, by operation of this Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. Plaintiffs, Settlement Class Members, and the Plans acknowledge and shall be deemed by operation of this Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12. Each Plaintiff, each Settlement Class Member, and the Plans hereby stipulate and agree with respect to any and all Released Claims that, upon entry of this Final Order, the

Settlement Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Also, the Plaintiffs, Settlement Class Members, and the Plans shall, upon entry of this Final Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Settlement Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14. Each Plaintiff and Settlement Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member in accordance with the Plan of Allocation approved by the Court.

16. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance.

17. With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the administrator or other fiduciaries of the Plans, in accordance with applicable law and the governing terms of the Plans.

18. Within seven (7) calendar days following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

19. Upon entry of this Order, all Plaintiffs, Settlement Class Members, and the Plans shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of April, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: All counsel of record